IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDI A. EBY, ) | |
| ) | 2:05-cv-106-GEB-DAD |
| Plaintiff, ) | |
| ) | <u>ORDER</u> |
| v. ) | |
| ) | |
| CALIFORNIA DEPARTMENT OF ) | |
| YOUTH AUTHORITY; YSUS ALI,<sup>*</sup> ) | |
| ) | |
| Defendants. ) | |

Defendants Ali and California Department of Youth Authority ("CYA") move to dismiss Plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Family Medical Leave Act ("FMLA"), and the Rehabilitation Act of 1973 ("Rehabilitation Act"). Ali also moves to dismiss Plaintiff's claim under 42 U.S.C. § 1983. Plaintiff opposes Defendants' motions to dismiss and, in the alternative, requests leave to amend her complaint. Furthermore, Defendant Harper is dismissed from this action <u>sua sponte</u> under Federal Rule of Civil Procedure 4(m).

---

<sup>*</sup>   Defendant Jerry Harper has been dismissed from this action. <u>See</u> <u>infra</u> Part V.

1

DISCUSSION[1]

I.   Title VII

CYA and Ali argue that the behavior alleged in Plaintiff's complaint is insufficiently severe or pervasive to state a hostile work environment claim under Title VII. (CYA Mem. P. & A. Supp. Mot. Dismiss ("CYA P. & A.") at 7; Ali Mem. P. & A. Supp. Mot. Dismiss ("Ali P. & A.") at 8.) To state a viable hostile work environment claim under Title VII, the alleged behavior "must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Meritor Sav. Bank v. Vinson, 477 U.S. 57, 67 (1986).

Plaintiff alleges her hostile work environment claim is viable since Ali told a group of incarcerated young men that "women were merely sex objects on the one hand, and nurse maids on the other." (Pl.'s Opp'n Mot. Dismiss at 3.) Plaintiff further alleges Ali used the words "p-whipped" and "breast to suckle" and "slapped Plaintiff on the back" and said "you can handle the language, can't you?" (Pl.'s 2d Am. Compl. ¶ 15.) Plaintiff also alleges that on one occasion when Plaintiff was required to give Ali a ride, Ali reaffirmed his earlier opinion about women and dismissed Plaintiff's protests against such characterizations. (Id. ¶ 16).

Since Plaintiff need only provide fair notice of her claims to Defendants, Defendants' motion to dismiss Plaintiff's hostile work environment claim is denied. See Conley v. Gibson, 355 U.S. 41, 47-48

---

[1] "The standards applicable to [motions to dismiss] are well known, see e.g., Rodgers v. County of Yolo, 889 F. Supp. 1284 (E.D. Cal. 1995), and need not be repeated here." Reitter v. City of Sacramento, 87 F. Supp. 2d 1040, 1042 (E.D. Cal. 2000).

2

(1957) (the complaint need only give defendant fair notice of plaintiff's claims.)

II.   FMLA[2]

CYA seeks dismissal of Plaintiff's FMLA claim, arguing that Plaintiff "fails to allege that she requested a leave or that leave was denied." (CYA P. & A. at 9.) Plaintiff, however, alleges that CYA ultimately terminated her in violation of FMLA based, in part, on her "requests for medical leave." (Pl.'s 2d Am. Compl. ¶ 22.) Therefore, CYA's motion to dismiss this claim is denied.

III.   Rehabilitation Act of 1973

CYA argues Plaintiff's claim under the Rehabilitation Act is barred for lack of federal subject matter jurisdiction because Plaintiff has failed to exhaust her administrative remedies. (CYA P. & A. at 5.) To establish federal subject matter jurisdiction under the Rehabilitation Act, Plaintiff must first have exhausted her administrative remedies by filing a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") and receiving a right-to-sue letter from the EEOC. EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994). "The jurisdictional scope of the plaintiff's court action depends on the scope of the EEOC charge and investigation." Leong v. Potter, 347 F.3d 1117, 1121 (9th Cir. 2003). Although "the district court has jurisdiction over any charges of discrimination that are 'like or reasonably related to' the allegations made before the EEOC, as well as charges that are within the scope of an EEOC investigation that reasonably could be expected

---

[2] Ali's motion to dismiss Plaintiff's claims under the Rehabilitation Act and FMLA is granted since "Plaintiff concedes that Ali is not a proper defendant with respect to disability issues." (Pl.'s Opp'n Mot. Dismiss at 3.)

to grow out of the allegations . . ., [a] decision that an EEOC complaint with no mention whatsoever of disability is 'like or reasonably related to' [Plaintiff]'s disability claim would reduce the exhaustion requirement to a formality." Id. at 1121-22.

Since Plaintiff failed to indicate on her administrative complaint form that her disability was a "cause of discrimination," Plaintiff has not exhausted her administrative remedies with regard to her claim under the Rehabilitation Act, and CYA's motion to dismiss Plaintiff's claim under the Rehabilitation Act is granted. (CYA Notice Mot. Dismiss 2d Am. Compl., Ex. 1.)

IV.   Section 1983

Ali argues "the [42 U.S.C. § 1983] claim against [him] is barred by the statute of limitations and should be dismissed." (Ali P. & A. at 13.) Plaintiff alleges in her complaint that Ali "engaged in a pattern or practice of unlawful sex discrimination by subjecting Plaintiff to disparate treatment, retaliation and unwelcome sexual harassment" and that this conduct "operated to deprive Plaintiff of her constitutional rights under the 4th, 12th, and 13th Amendments of the United States Constitution all in violation of 42 U.S.C. § 1983." (Pl.'s 2d Am. Compl. ¶ 34.) Plaintiff further alleges the § 1983 claim is "based on the overlapping conduct by Defendant which deprived Plaintiff of her constitutional rights, including but not limited to the failure to provide due process [under the Fourteenth Amendment], the discriminatory enforcement of official policy, and the failure to protect plaintiff from retaliation." (Id.)

Plaintiff has failed to allege any facts supporting a violation of her rights under the Fourth, Twelfth, or Thirteenth Amendments. Further, a two-year statute of limitation period governs

1  Plaintiff's Fourteenth Amendment claim since California law states
2  that "action[s] for injury to . . . an individual caused by the
3  wrongful act or neglect of another" have a two-year statute of
4  limitation period.  Cal. Civ. Proc. Code § 335.1; see also Wilson v.
5  Garcia, 471 U.S. 261 (1985) (holding that state law provides the
6  statute of limitation for violations of § 1983).
7       Plaintiff argues that "continuing violation and delayed
8  investigation, both operate as an equitable basis for tolling the
9  statute of limitations period."  (Pl's Opp'n Mot. Dismiss at 4.)
10 However, Plaintiff must demonstrate that at least one act occurred
11 within the statute of limitation period and that the harassment at
12 issue is "more than the occurrence of isolated or sporadic acts of
13 intentional discrimination."  Morgan v. Regents of the Univ. of Cal.,
14 88 Cal. App. 4th 52, 64 (2000).  Plaintiff has not alleged any
15 harassment or violation of § 1983 by Ali after July 12, 2001.  (Pl.'s
16 2d Am. Compl. ¶ 16.)  Since Plaintiff filed this action April 5, 2004,
17 more than two years after the last alleged harassment act by Ali (id.
18 ¶¶ 12, 16), Plaintiff's § 1983 claim is barred by the statute of
19 limitation.
20       V.    Defendant Harper
21       Defendant Harper is dismissed as a party in this action sua
22 sponte under Federal Rule of Civil Procedure 4(m) since Plaintiff
23 failed to show good cause why Harper should not be dismissed from this
24 action under Rule 4(m), as required by the Order filed June 9, 2005.
25 Harper was named in the initial complaint on April 5, 2004, and has
26 not yet been served.  (Compl. at 1; Alexander Decl. filed 6/17/05, at
27 2.)  Rule 4(m) requires Plaintiff to serve Defendants with the
28 complaint "within 120 days after the filing of the complaint," unless

1  "plaintiff shows good cause for the failure [to serve defendants
2  within 120 days]."  Fed. R. Civ. P. 4(m); <u>McGuckin v. United States</u>,
3  918 F.2d 811, 813 (9th Cir. 1990) (holding that plaintiff had 120 days
4  from the filing of the amended complaint to serve the new defendant
5  named in the amended complaint); <u>see generally</u> <u>Del Raine v. Carlson</u>,
6  826 F.2d 698, 705 (7th Cir. 1987) (reasoning that the "purpose of
7  allowing complaints to be amended is to enable the pleading to be
8  conformed to the developing evidence rather than to extend the time
9  for service indefinitely").

10           In response to the June 9 Order, Plaintiff's counsel
11 declares that the delay in service was because "[he] was told by
12 Deputy Attorney General, Peter W. Thompson, then attorney of record
13 for [CYA] that [Thompson] was in the process of determining if he
14 and/or [CYA] would be tendering a defense on behalf of defendants Ali
15 and Harper and he would inform [Plaintiff's counsel] once he had made
16 said determination"; and that after receiving notice from CYA of its
17 new attorney of record on April 8, 2005, "it became clear that neither
18 she or [CYA] would be representing defendants Ali and Harper, and
19 [Plaintiff's counsel] would therefore need to have both individuals
20 personally served."  (Alexander Decl. Supp. OSC ¶ 5.)  Further,
21 Plaintiff's counsel declares: "Upon learning such, [he] immediately
22 attempted service on . . . Harper . . . .  However, . . . Harper has
23 moved with no forwarding address.  After extensive investigation,
24 Mr. Anderson[, a private investigator,] believes Mr. Harper may be in
25 Huntington Beach, California." (<u>Id.</u> at 2.)  In support of this
26 argument, Plaintiff's attorney provides the private investigator's
27 declaration of due diligence dated June 17, 2005, in which
28 Mr. Anderson declares:

>       [A]ttempts have been made to locate . . . Harper.
>       . . . [S]ervice was first attempted at the CYA
>       Headquarters . . . . Casual information obtained
>       indicated he had moved to Southern California,
>       possibly the San Diego area.  Further computer
>       searches, utilizing a data base with more than 6
>       billion records, [indicated] that Mr. Harper may
>       be in the Huntington Beach area of Southern
>       California.  However, a phone number that was also
>       developed was found to be no longer in service.

(Id. Ex. B.)

Providing detail about service attempts is required because "good cause" encompasses a showing that reasonable diligent efforts have been expended to effect service on Defendant. Quann v. Whitegate-Edgewater, 112 F.R.D. 649, 659 (D. Md. 1986) (discussing good cause in the context of Rule 4(j), which has been amended and is now Rule 4(m)).  As revealed in Putnam v. Morris, 833 F.2d 903 (10th Cir. 1987), even where there is a showing that a process server attempted to serve defendant at his home every day, this showing is insufficient where it does not include an attempt to let the defendant know about the attempted contacts by leaving a card or message about the attempts.  When upholding the dismissal of the defendant from the lawsuit in Putnam, the appellate court noted that "it is trial counsel's responsibility to monitor the activity of the process server and to take reasonable steps to assure that a defendant is timely served." Id. at 904; see also Cox v. Sandra Corp., 941 F.2d 1124 (10th Cir. 1991).

In this action, since Plaintiff's counsel does not explain when the investigator's searches were conducted, or whether they were conducted within the 120-day service period, he has not shown good cause under Rule 4(m).  Blind faith reliance upon the representations of private process servers and investigators is inappropriate and does

not constitute good cause.  See Cox, 941 F.2d at 1125; Lovelace v. Acme Mkts., 820 F.2d 81, 84-85 (3d Cir. 1987).

   Even though Plaintiff has failed to demonstrate good cause, the court has discretion under Rule 4(m) to permit an extension of time to perfect service on Defendant despite this failure.  The running of the applicable statute of limitation is a factor to be considered when deciding how to exercise this discretion.  Mann v. Am. Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003) (indicating considerations should be given to the possibility that the statute of limitation would bar re-filing of the suit).  But "the running of the statute of limitations does not require the district court to extend time for service of process."  Petrucelli v. Bohringer & Ratzinger, GMBH Ausdereitungsanlagen, 46 F.3d 1298, 1306 (3d Cir. 1995).  Since Plaintiff has failed to effect service of Harper since April 5, 2004; has provided a conclusory explanation for that failure in response to the Court's June 9 Order; and has failed to indicate the statute of limitation would bar refiling, this Court refuses to grant a discretionary enlargement of time for service.

CONCLUSION

   For the stated reasons, Harper is dismissed from this action.  CYA and Ali's motion to dismiss Plaintiff's Title VII claim and CYA's motion to dismiss Plaintiff's FMLA claim are denied.  CYA's motion to dismiss Plaintiff's Rehabilitation Act claim and Ali's motion to dismiss Plaintiff's § 1983 claim are granted.

   Further, Plaintiff's request to amend her Second Amended Complaint is denied since Plaintiff has not shown that good cause justifies her request for leave to amend, and the Status (Pretrial Scheduling) Order filed June 9, 2005, states that "No further joinder

1  of parties or amendments to pleadings is permitted except with leave
2  of Court, good cause having been shown."
3           IT IS SO ORDERED.
4  Dated:  September 1, 2005

                                    /s/ Garland E. Burrell, Jr.
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge